## First Department, October, 1973

### (October 1, 1973)

■ The People of the State of New York, Respondent, v. Edgar Ortiz, Appellant.— Judgment, Supreme Court, Bronx County, rendered April 28, 1972, convicting defendant after trial of burglary in the second degree, petit larceny, criminal posession of stolen property in the third degree and possession of burglar's tools, and sentencing him to prison for an indeterminate term of five years on the burglary count and to concurrent unconditional discharges on the other counts, unanimously modified, on the law, to dismiss the count for petit larceny, and otherwise affirmed. The defendant stands convicted of both petit larceny and criminal possession of the same object. This is contrary to subdivision 2 of section 165.60 of the Penal Law. The count in the indictment for the larceny is accordingly dismissed. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.

■ The People of the State of New York, Respondent, v. Dennis Williams, Also Known as Dennis Foy, Appellant.— Judgment, Supreme Court, Bronx County, rendered on June 12, 1972, insofar as it imposes sentence, unanimously reversed, on the law, and the case remanded to the Criminal Term of the Supreme Court, Bronx County, for sentencing. The record indicates that at the time for resentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not affording defendant the right to make a statement personally in his own behalf and in not inquiring of defendant whether he wished to make such a statement. Failure to ask the required allocution constitutes error necessitating a reversal of the sentence and a remand for resentencing (*People v. Nagi*, 42 A D 2d 683; *People v. Chapman*, 42 A D 2d 680; *People v. Luckey*, 41 A D 2d 1023; *People v. Brown*, 41 A D 2d 850; *People v. Rizzo*, 41 A D 2d 691; *People v. Herndon*, 41 A D 2d 698; *People v. Gilliam*, 40 A D 2d 1036; *People v. Barnett*, 37 A D 2d 1027; *People v. Moore*, 36 A D 2d 866). Concur — Stevens, P. J., Lane, Steuer, Tilzer and Macken, JJ.

■ The People of the State of New York, Respondent, v. Richard Ornstein, Appellant.— Judgment, Supreme Court, New York County, rendered on January 8, 1973, convicting defendant, on his plea of guilty, to attempted perjury in the first degree and sentencing him to imprisonment for a term of four months, unanimously modified, as a matter of discretion and in the interest of justice, by reducing the sentence to probation for a period of three years and case remittted to the Trial Term for imposition of conditions of probation. The probation report discloses that this defendant has no prior record and it is generally favorable to him in all respects. It should also be noted that the crime of which the defendant pleaded guilty is a nonviolent one. Furthermore, he has been dismissed from the police department. Taking into consideration all the surrounding facts and circumstances, we feel that a prison sentence should not have been imposed and constituted an improvident exercise of discretion. We believe that this is a worthy case to attempt rehabilitation of this defendant and it would be in the interests of the community and of this defendant to have him under supervision of the probation department for three years. Concur — Nunez, J. P., Kupferman, Murphy, Lane and Capozzoli, JJ.